9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward J. FELTZ, Defendant-Appellant.
 No. 92-4249.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1993.
 
 Before: MARTIN and NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Edward J. Feltz appeals the sentence he received after pleading guilty to two counts of mail fraud. Finding that the district court abused its discretion by ordering restitution in excess of the amount directly tied to the offenses of conviction, we remand so that the district court may resentence Feltz.
 
 
 2
 From 1981 until April 1987, Edward J. Feltz served as an advertising manager for National Cash Register Corporation in Dayton, Ohio. Over a more than two-year period, Feltz used his position to initiate fraudulent purchase orders for marketing surveys and advertising products. Feltz then awarded the NCR supply contracts to corporations secretly controlled by Feltz, his wife, Stella, his sister-in-law, Jeanette Cage, and his brother-in-law, Harold Cunningham. In furtherance of the scheme, Feltz mailed NCR-issued checks to the sham suppliers. Despite making payments totalling approximately $570,000, NCR received no appreciable benefits in return. In large part, the funds paid by NCR in satisfaction of the fraudulent purchase orders were routed through the controlled corporations and into the hands of Edward and Stella Feltz. Eventually, Feltz used the money to construct a house in Dayton, Ohio and to satisfy an equity line of credit.
 
 
 3
 On September 20, 1988, a federal grand jury returned an indictment against Edward Feltz, Stella Feltz, Jeanette Cage and Harold Cunningham. Edward Feltz was charged with twelve counts of mail fraud in violation of 18 U.S.C. Secs. 1341 and 2, eleven counts of interstate transportation of securities taken by fraud in violation of 18 U.S.C. Secs. 2314 and 2, one count of wire fraud in violation of 18 U.S.C. Sec. 1343, and one count of conspiracy in violation of 18 U.S.C. Sec. 371. Feltz initially pled not guilty to all counts.
 
 
 4
 After withdrawal of both Feltz's retained counsel and his initial court-appointed counsel, the district court appointed Hal Arenstein on August 11, 1989. Following several continuances, the district court set a trial date of August 14, 1990. On August 13, Feltz, through Arenstein, produced to the government a copy of a document which purported to show that Feltz's NCR supervisor knew of and approved of the contracts at issue. When the government raised a question regarding the document's validity, the district court ordered immediate production of the original document and dismissed the prospective jury panel. Counsel Arenstein later reported to the court that the original document would not be produced because Feltz claimed that it had been stolen from a locked storage facility. After casting doubt on the validity of his client's theft explanation, Arenstein also expressed misgivings regarding the legitimacy of all documents produced by Feltz and sought to withdraw as counsel due to concerns regarding suborning perjury, tampering with evidence, and obstruction of justice. The court denied the motion to withdraw, ordered the disputed document excluded at trial, and scheduled trial for August 27.
 
 
 5
 On the morning of August 27, counsel informed the district court that Feltz had been injured in an automobile accident on August 25 and was a patient in Miami Valley Hospital. While apparently suffering only minor physical injuries, Feltz claimed to lack recollection of all events which transpired during the immediately preceding five-year period. When further inquiry by the district judge revealed that investigative officers from the Ohio State Patrol, the Franklin Police Department, and the Warren County Sheriff's Office believed that the accident had been staged, the district court revoked Feltz's recognizance bond and ordered an examination to determine whether his amnesia claim was valid. The district court, following a review of medical reports, rejected Feltz's claim that he was unable to assist his counsel in interpreting evidence, found Feltz competent to stand trial, and set trial for May 11, 1992.
 
 
 6
 On May 11, Feltz entered a guilty plea to two counts of mail fraud (counts two and thirteen). The remaining counts of the indictment were dismissed on the motion of the United States. On November 13, the district court sentenced Feltz to a term of eight years imprisonment and ordered restitution in the amount of $570,250, plus jury fees of approximately $7,000.
 
 
 7
 Feltz initially contends that the district court abused its sentencing discretion by basing its sentence on information not contained in the presentence report. According to Feltz, the district court impermissibly considered both counsel Arenstein's allegations of perjury, tampering with evidence, and obstruction of justice as well as the district court's personal displeasure with Feltz for repeatedly causing trial delays and wasting judicial resources. This argument lacks merit. As 18 U.S.C. Sec. 3661 provides, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Moreover, when considering information for sentencing "specific procedures, such as are required at trial, are simply not constitutionally mandated, especially when a guilty plea is entered." United States v. Silverman, 976 F.2d 1502, 1508 (6th Cir.1992) (en banc), cert. denied, --- U.S. ----, 113 S.Ct. 1595 (1993). Given these standards, the district court did not err by contemplating information concerning Feltz's character and conduct when imposing sentence upon Feltz.
 
 
 8
 The district court did err, however, in ordering restitution for all losses suffered by NCR as the result of the underlying fraudulent scheme. Feltz pleaded guilty to counts two and thirteen of the indictment, charging that he placed NCR checks totalling approximately $92,000 into the United States mail as part of the scheme to defraud NCR. Although the remaining counts were dismissed under the plea agreement, the district court included as part of Feltz's sentence an order to pay restitution of $570,250 for the full amount of the loss attributable to the fraudulent scheme.
 
 
 9
 This restitution order was impermissible in light of the Supreme Court's decision in Hughey v. United States, 495 U.S. 411 (1990), and this Court's decision in United States v. Jewett, 978 F.2d 248 (6th Cir.1992). In Hughey, the Supreme Court held that, under the Victim and Witness Protection Act of 1982, 18 U.S.C. Sec. 3663, "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order." Hughey, 495 U.S. at 420. In Jewett, this Court applied Hughey in a case involving convictions for mail fraud and determined that a district court exceeded its statutory authority by ordering restitution based on all losses caused by the scheme rather than those attributable to the specific conduct for which the defendant was convicted. Jewett, 978 F.2d at 252; see also United States v. Streebing, 987 F.2d 368 (1993) (same proposition), cert. denied, --- U.S. ----, 113 S.Ct. 2933 (1993). By ordering Feltz to pay restitution under the Victim and Witness Protection Act for the losses attributable to the entire scheme to defraud NCR, the district court here has made the identical error.
 
 
 10
 The 1990 amendments to the Victim and Witness Protection Act do not alter this conclusion. While under the Crime Control Act of 1990, the sentencing judge is empowered to order restitution "in any criminal case to the extent agreed to by the parties in a plea agreement," 18 U.S.C. Sec. 3663(a)(3), the parties in this matter did not agree to the payment of restitution in an amount exceeding $570,000. Instead, Feltz agreed in his plea "to make restitution to NCR Corporation in a manner and amount to be determined by the United States Probation Department." Plea Agreement, J.A. at 143. The Probation Department, in turn, decided that Feltz "should only be assessed restitution on the counts of conviction which, in this case, are Counts 2 and 13 of the Indictment." Presentence Report, J.A. at 184. Accordingly, Feltz may be required to pay restitution only for the amounts charged in counts two and thirteen--a total of $92,147.75. As the district court's order of restitution exceeded both the amount of "loss caused by the specific conduct that is the basis of the offense of conviction," Hughey, 495 U.S. at 413, and the amount agreed to by the parties in the plea agreement, the court exceed its statutory authority under 18 U.S.C. Secs. 3663(a)(1) & (3). For the foregoing reasons, we remand this case for resentencing only on the restitution component of Feltz's sentence. We otherwise affirm the district court.